## POLLARD v. TAYLOR.

1. A creditor, who obtains a judgment, after a sale of the debtor's land under judgment and execution against him, and before the expiration of the time allowed by the statute for redemption, may redeem the land from the first purchaser.

Appeal from the Court of Chancery of Pike. The Hon. J. W. Lesesne, Chancellor.

On the 10th November, 1845, Thomas B. Taylor, became the accommodation acceptor for George C. Ball, upon a bill of exchange, at sixty days' sight, which being protested, Taylor was sued, and a judgment rendered against him in the fall of 1846. In May, 1847, he paid the judgment, and at the May term, 1847, of the circuit court of Montgomery, obtained a judgment against Ball for the money so paid.

In September, 1846, certain lands of Ball were sold under execution against him, and purchased by Charles T. Pollard, and in August, 1847, Taylor offered to redeem the lands under the statute, as a judgment creditor of Ball, which Pollard refusing to permit, he exhibited his bill in chancery to compel a redemption. The defendant demurred to the bill, and the chancellor at the hearing, held, that the complainant was such a creditor, as could redeem under the statute, and decreed accordingly. This is now assigned for error.

Elmore & Yancey, for plaintiff in error.

Pollard v. Taylor.

1. Under the "act to prevent the sacrifice of real estate," the lands of the debtor, when sold under execution, are sequestered for the benefit of judgment creditors. Their rights must vest at the time the sequestration takes place, and must be determined by their character at that time. Clay's Dig. 502, § 2, 3; Br. Bank of Mobile v. Furniss, 12 Ala. R. 367. This view is sustained—1. On grounds of public policy, and by analogy to the insolvent and bankrupt laws. A debt accruing after the insolvency or bankruptcy, cannot share in the distribution of the effects; and so of a creditor's bill. Owen on Bankruptcy, 39. 2. And the bankrupt act of the United States sustains it also, as sureties, &c. are expressly included in the fifth section, and without this they would have been excluded. Owen on Bank. Appendix, 55. 3. The cases from New York are not adverse to this proposition, but in fact support it. The principles there decided on their redemption act, are—1. No one can redeem unless his judgment is a lien on the lands of the debtor. Erwin v. Schriver, 19 Johns. 379; Bissell v. Payne, 20 Ib. 3; Van Rensselaer v. Sheriff of Albany, 1 Cowen, 501. 2. There is a lien on the lands when the judgment is obtained within the time of redemption, because "the estate of the debtor is not changed by the sale and certificate. The purchaser acquires no title till he receives a deed." See cases *supra*, and opinion of Savage, C. J., Van Rens. v. Sheriff of Albany, 1 Cowen, 501. But in this State the purchaser takes his deed at the sale, and acquires the title at once. Nothing remains in the debtor but an equity; and this is not the subject of a lien under a judgment at law. Elmore & Willis v. Harris, et al. present term.

2. But Taylor was not even a general creditor when the sale took place, and by no just rules of construction, can his case be brought within the statute.

BELSER & N. HARRIS, contra.

1. The statute is a remedial one, intended for the benefit of the debtor, by preventing a sacrifice of his real property. It should be so construed, as to suppress the mischief and advance the remedy. Van Rensselaer v. Sheriff of Albany, 1 Cowen, 501; Ex parte Bank of Monroe, 7 Hill, 177; Jones

v. Planters' Bank, 5 Hump. 619; Iverson v. Shorter, et al. 9 Ala. 715.

2. It is broad enough in its terms, to embrace cases, in which the debt originated, or the liability of the judgment creditor on the bill of exchange, was fixed after the sale, provided the judgment be obtained, and the offer to redeem be made within two years from the date of the sale. Clay's Dig. 502, § 2; Van Rensselaer v. Sheriff, &c. 1 Cowen, 443; Van Rensselaer v. Sheriff, &c. 1 Cowen, 501; Bank v. Furniss, January Term, 1847; Ex parte Carmichael, 5 Cowen, 17; see also, 3d and 4th sections of the act of 1842.

3. According to the statute, and the authorities by which it is to be construed, the chancellor properly allowed Taylor to redeem. The intention of the legislature must govern, although it may seem contrary to the letter of the act; but in this case, no violence is done to the words of the act by such a construction, and it is in unison with the legislative intent. Jackson v. Collins, 3 Cowen, 89; Wilkinson v. Leland, 2 Peters, 627; Reddick v. Governor, 1 Mis. 147. The intention was to establish an action for the benefit of the debtor.

4. The cases in bankruptcy, in which it is stated, that the creditor's debt must be subsisting, when the act of bankruptcy is committed, bear no analogy to the present. The words of the law in the two cases are different. See Moss v. Smith, 1 Campbell, 489; Ex parte Christy, 3 Howard, 292; 5 U. S. Stat. at Large, 443.

5. There is no force in the idea, that the title to the real estate, sold under execution, becomes vested in the purchaser, by the sheriff's deed. If it vests at all, by the instrument, it vests subject to the right of redemption, contemplated in the act of 1842, which supersedes the act of 1812, in this particular. Clay's Dig. 205, § 17; Ibid. 502, § 2.

6. The bill of exchange, on which was Taylor's name, was a liability before the execution sale, that might ripen into a debt in his favor against Ball, and by analogy to the bankrupt decisions, Taylor would be protected in his offer to redeem under the circumstances. McCarty v. Barron, Strange, 849; 1 Step. N. P. 588. The court are referred to

the decree of the chancellor, for some good reasons, in support of his opinion.

CHILTON, J.—The express object and intention of the legislature in enacting the statute, which we are called on to construe, was "to prevent the sacrifice of real estate," and it is our duty to give such judicial construction to the act as will carry out this intention. The statute is remedial, and must receive a liberal interpretation. It provides, "whenever it shall hereafter happen that any interest in land shall be sold at any execution sale, and the individual whose interest is so sold, shall have other *bona fide* creditors, they may, at any time within two years after such sale, redeem such interest as may have been sold from the purchaser thereof," &c.

The plaintiff in error purchased the land in controversy in 1846, and the defendant did not recover his judgment against Ball, until May, 1847, but tendered the money and demanded a redemption of the premises before the expiration of the two years allowed by the statute.

The only question arising out of the record is this: Can one who obtains a judgment after a sale of the debtor's land, under judgment and execution against him, and before the expiration of the time allowed by the statute of redemption, redeem the land from the purchaser of the judgment? Or, is the right to redeem confined to persons who are *bona fide* creditors of the debtor *at the time of the sale of his land?* Would the former construction favor or defeat the intention of the legislature in enacting the law? This court, in the case of Thomason v. Scales, 12 Ala. Rep. 309, held, that none but a judgment creditor could redeem. Now it is most manifest that it was intended by the act to put the land of the debtor to auction among his creditors, and, that by a succession of bidders, the land in the hands of the last purchaser might bring its reasonable value. The effect of the statute would doubtless be to make the land sell for a less price at the first sale. The person who purchases does so with a knowledge that it is liable to be redeemed, and the creditor is not particular to attend the sale, or bid on the land, knowing the right is reserved to him for two years to come in and pay up the money so bid, with *ten per centum per annum,* and

by crediting ten per cent. upon the amount of his demand, to make a redemption. If no persons but such as have judgments at the time of the sale could redeem, the whole scope and design of the act would be defeated, and usually the first judgment creditor would take the estate, perhaps at a mere nominal price. The creditor might collude with the debtor, and confess a judgment upon an honest demand, the effect of which would be, when a sale was made under it before the rendition of other judgments, forever to bar the right of redemption of other creditors. But in most cases the debtor himself, as well as his creditors, would be greatly prejudiced. The law, instead of encouraging a fair process of bidding, by which the creditors would in many cases receive the full amount of their demands, and the debtor be relieved from his embarrassments, would invite a scramble among the creditors as to which should be able to sell under a judgment, before other judgments should be obtained; and in many cases, of which the one before us furnishes an example, honest creditors would be entirely deprived of the benefit of the law, by reason of their demands not being due, or in a condition which would not authorize them to obtain a judgment before a sale of the land. But upon which, they may obtain judgment before the expiration of the two years allowed by the statute for redeeming. The opinion of this court, as expressed by the learned judge in the case of Thomason v. Scales, *supra*, contains a very just as well as correct exposition of the object and design of this statute, and we think it quite clear that it furnishes no warrant for the exclusion of any creditor of the party whose land is sold, who reduces his demand to judgment before the expiration of two years after the sale.

It is insisted by the counsel for the plaintiff in error, that in this State, as in the State of New York, there must be a lien on the land in favor of the party who offers to redeem, and that inasmuch as by our statute, the sheriff executes a conveyance, the title, *eo instanti*, vests in the purchaser, and nothing remaining in the debtor upon which a judgment subsequently rendered could attach a lien, the junior judgment creditor has no right to redeem; and the court is referred to 19 Johns. Rep. 379; 20 Ibid. 3; and 1 Cow. 501. By the

statute of New York, it is provided the title shall not pass to the purchaser until after the expiration of fifteen months from the time of such sale. Rev. Stat. vol. 2, p. 373, § 61. It is also further provided by that statute, that any creditor of the person against whom such execution issued having in his own name, or as assignee, representative, trustee or otherwise, a decree in chancery or judgment at law, *rendered at any time before the expiration of fifteen months from the time of such sale, and which shall be a lien and charge upon the premises sold,* may redeem," &c. See Rev. Stat. vol. 2, p. 371, § 51. Under these statutory provisions, it was held, in the case of Van Rensselaer v. The Sheriff of Albany, 1 Cow. 501, that it is enough to entitle the judgment creditor to redeem, that his judgment is a lien at the time he comes to redeem, and that it need not be a lien at the time of the sale. That as the sale under the statute does not divest the title of the debtor until after the expiration of the fifteen months allowed for redemption, have expired, a judgment rendered at any time within that period is a *lien.* The court say, that as the intention of the legislature was—1. To relieve the debtor by preventing a sacrifice of his real estate by sheriff's sale. 2. To enable creditors other than the plaintiff, after a sale on execution, to satisfy their debts by redeeming, where the property has been sold below its value. The statute being, as we have said, remedial, they so construe it as to suppress the evil and advance the remedy.

The cases of Bissell v. Payne, 20 Johns. Rep. 3, and Erwin v. Scrivner, 19 Ib. 379, but affirm the same doctrine. We think these cases persuasive to show the construction contended for by the counsel for the plaintiff in error, would thwart the intention of the legislature. If it be true that a redemption could only be made by a creditor in whose favor a lien had attached under *our* statute, then it follows, that as a sale under the older judgment consummated by the sheriff's deed required to be made, divests all liens of the junior judgments, the right to redeem would be lost even as to those who at the time of the sale were judgment creditors. But our statute, unlike that of New York, does not proceed upon the ground of *lien.* It is true, the creditor must have reduced his demand to judgment before he can redeem, but

77

Pollard v. Taylor.

this is required, not that a lien may be created upon the land, but that the purchaser may be furnished with the evidence of a *bona fide* demand in favor of the creditor demanding redemption. The title upon the purchase at sheriff's sale vests in the purchaser, but he takes it charged with the condition which the statute imposes, that any *bona fide* creditor of the debtor may within two years from the date of his purchase, redeem the land by paying as the act provides, and crediting his demand with a sum not less than ten per cent. upon the amount. The intention of the legislature, too plainly discoverable in this act to be easily misapprehended, we think will be followed by the above construction, and this is the true rule, even though such construction seems to oppose the letter of the statute. In this case, however, we think it is not opposed, either by the letter or spirit of the act.

It is further insisted, that as the liability of Ball, the debtor, to defendant in error, at the time of the sale, was but contingent, (he being an accommodation acceptor,) the defendant cannot be regarded as a creditor at the time, and that by analogy to the insolvent and bankrupt laws, he should be excluded from participating in the effects of the debtor. Now if we allow the analogy to hold good, it is evident the *holder* of the bill would have been entitled under the insolvent and bankrupt acts to share in the effects *pro rata*, and the accommodation acceptor would, to the extent of such payment, have been relieved from liability. If the acceptor in such cases as respects the drawer for whose accommodation he accepts, stands in equity in the character of a security, when he pays the debt, may he not be subrogated to the right which the original holder had to redeem? Be this as it may, it is quite clear to our mind, from the considerations above referred to, that if the acceptor, in cases like the present, pays the bill, and reduces his demand to judgment against the drawer before the expiration of the two years, he has the right to redeem, notwithstanding he may have made the payment after the sale. The bankrupt and insolvent laws differ, both in their phraseology and objects, from the act under consideration, and each must be construed so as to suppress the mischief intended to be remedied. Our conclusion is, the decree of the chancellor must be affirmed.