GREENE v. DOANE ET AL.

REDEMPTION OF REAL ESTATE.—*Sheriff's Sale on Foreclosure of Mortgage.— Redemption by Judgment Creditor.*—Real estate sold at sheriff's sale by virtue of a decree of foreclosure of a mortgage thereon, accompanied by a personal judgment against the debtor, may be redeemed by the judgment creditor, from the purchaser, where the amount realized by such sale is insufficient to satisfy such judgment.

From the Whitley Circuit Court.

*C. Clemans* and *J. A. Clemans*, for appellant.

*A. M. Hooper* and *W. Olds*, for appellees.

PERKINS, C. J.—Suit to redeem land.

The complaint is in two paragraphs, substantially alike.

The complaint was held bad on demurrer, and the defendants had final judgment in the cause upon it in their favor.

Interspersed amongst a great deal of irrelevant matter, the following facts were stated in it, viz.:

That Allen Greene, plaintiff, held a note and mortgage on Clarence E. Doane; that said Greene procured a decree of foreclosure of the mortgage, with an order for the sale of the mortgaged property, and execution for the collection of any balance of the decree that might remain unpaid after the sale of said property, and application of the proceeds thereof to the payment of the decree; that the property was sold upon the decree, leaving three hundred dollars thereof unpaid by the proceeds of the sale; that the property was purchased, at the sale, by Isaiah B.

McDonald, who received the certificate of sale from the sheriff; that, within three months after the sale, plaintiff, Greene, tendered to said McDonald the amount paid by him for the land, at the sale, with ten per cent. interest thereon and costs, etc., and demanded the certificate of sale ; that the money was refused by McDonald, whereupon Greene paid the same into the clerk's office for him; that Doane, the judgment debtor, is insolvent, etc.

The complaint contains many other allegations, but we need not set them out.

It is evident, from the argument of counsel in this court, that the demurrer to the complaint was sustained, upon the ground that a judgment plaintiff could not redeem from a sale upon his own judgment. Whether such redemption can take place or not, under the statute, is the principal question discussed by the counsel in this court.

When we use the term judgment debtor, we apply it indiscriminately to a debtor by mortgage decree and by judgment in the common-law sense. The language of the statute is, that "any mortgagee or judgment creditor having a lien upon the same may redeem such real property or interest therein, at any time within," etc. 2 R. S. 1876, p. 220, sec. 1. Allen Greene is shown to be a judgment creditor; and that he has a lien upon the premises is decided by the case of *The State, ex rel., etc.,* v. *Sherill,* 34 Ind. 57. The letter of the statute gives him a right to redeem, and if he is denied that right by the court, it must be done by a construction of the statute, narrowing its literal meaning and operation. But this court has already decided that it will give the statute " a liberal construction." *Davis* v. *Langsdale,* 41 Ind. 399.

In fact, the two cases above cited substantially decide the case under consideration.

We think the judgment plaintiff had a right to redeem, in this case, from a sale, upon his own judgment.

As to the mode of subjecting to sale, for the payment

of debts, equitable interests of the judgment debtor, see 2 R. S. 1876, p. 228, and notes on pp. 228 to 233.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.