GODDARD v. RENNER ET AL.

PARTNERSHIP.—*Real Estate, Alienation of.*—*Conveyance by one Partner.*—A conveyance of real estate, used by and belonging to a copartnership, by a member thereof, passes simply his own interest therein.

SAME.—*Redemption.*—*Execution.*—*Payment.*—Where copartnership real estate, which has been sold on an execution issued on a judgment against the firm, is conveyed by a member of the firm to a grantee who redeems the same from such sale, such redemption is a voluntary payment in which the grantee will not be protected, and such real estate may then be sold on execution for any unsatisfied balance of such judgment.

SAME.—*Estoppel.*—Where, in such case, the purchaser at such sheriff's sale accepts the redemption money from such grantee, his certificate of sale from the sheriff is annulled, and he is estopped from afterward denying such grantee's right to redeem.

From the Shelby Circuit Court.

*B. F. Love, J. S. Scobey* and *O. B. Scobey,* for appellant. *J. Schwartz,* for appellees.

NIBLACK, J.—This was a proceeding, in the court below, by James Goddard, against Gideon Renner, Adam Kastner, sued by the name of Kistner, and John Hoop, for an injunction.

The complaint represents, that, on the 18th day of January, A. D. 1867, one Charles Schreiber, being the owner of

lot No. 74, in Fletcher & McCarty's Addition to the town
of Shelbyville, and having formed a copartnership with
one Charles Vogel, for the purpose of erecting and car-
rying on a brewery on said lot, conveyed one undivided
half thereof to the said Vogel, so as to give him an equal
interest in it as a partner in such brewery; that said
Vogel and Schreiber, under the firm name of Vogel &
Schreiber, erected a brewery on said lot, and carried on
therein the business of manufacturing beer, until some
time in the year 1868; that, while carrying on said brewery,
the said Vogel & Schreiber became indebted to the said
Kastner and Renner, who were partners doing business
in the firm name of Kastner & Renner, and to divers
other persons, in various sums of money; that, on the 2d
day of March, 1868, said Kastner & Renner obtained a
judgment in the court of common pleas of Shelby county,
against said Vogel & Schreiber, for the sum of seven hun-
dred and forty-three dollars and thirteen cents, and costs
of suit; that, on the same day, one Alfred Major also
obtained a judgment in the same court, against the said
Vogel & Schreiber, together with one Philip Sandhinger as
their surety, for the sum of three hundred and fifty-two
dollars and fifty cents, and costs of suit; that, on the
same day, one Samuel Hamilton also obtained a judgment
in the same court, against the said Vogel & Schreiber, to-
gether with one Henry Hahel, for the sum of five hun-
dred and one dollars and twenty-five cents, and costs of
suit; that, on the same day, one Jonathan H. Scudder
also obtained a judgment in the same court, against the
said Vogel & Schreiber, for the sum of three hundred and
seven dollars and seventy-five cents, and costs of suit;
that, soon after the rendition of their said judgment, the
said Kastner & Renner had an execution issued thereon,
and placed in the hands of the sheriff of Shelby county,
who levied said execution on said lot No. 74, and who,
afterward, on the 23d day of May, 1868, after due notice,
sold the same to the said Kastner for the sum of seven

hundred dollars, and gave him a certificate of such sale; that, at the time of said sale, the said Vogel & Schreiber were wholly insolvent, and have ever since continued so to be, by reason whereof they were unable to redeem said lot from such sale; that, at the time of said sale, said sheriff had also in his hands executions on all the other judgments, above named, against the property of the said Vogel & Schreiber; that, after paying the costs due on said judgment out of the proceeds of said sale, said sheriff made a *pro rata* distribution of the remainder of such proceeds, on the several executions in his hands, as follows: To the said Kastner & Renner, two hundred and forty-six dollars and ninety-three cents; to the said Major, one hundred and twenty-three dollars and fifty cents; to the said Hamilton, one hundred and seventy-two dollars and eighty-five cents; to the said Scudder, one hundred and nine dollars and twelve cents; that afterward, on the 22d day of May, 1869, the said Schreiber sold, and conveyed by warranty deed, said lot No. 74 to the said James Goddard, the plaintiff below, and thereupon, on the same day, the said Goddard, for the purpose of redeeming said lot from the sale so made by the sheriff to Kastner, as above set forth, paid into the proper clerk's office, for the use of said Kastner, the sum of seven hundred and seventy dollars, being the amount of the purchase-money, with ten per cent. interest thereon to that date, which said sum of money was, on the 4th day of June, 1869, received and receipted for in due form by the said Kastner; that afterward, on the 2d day of July, 1869, the said Kastner & Renner caused another execution to be issued on their said judgment, for the balance still remaining due thereon, and to be placed in the hands of the defendant Hoop, who was then sheriff of Shelby county; that the said Hoop, as such sheriff, soon thereafter proceeded to levy again on said lot No. 74, and to advertise the same for sale to satisfy the balance still remaining due on said judgment as aforesaid. Wherefore the plaintiff prayed

for an injunction against the defendants, restraining them from again selling said lot, and for other proper relief.

A demurrer for want of sufficient facts was sustained to the complaint, and there was judgment on the demurrer.

The only question we have to consider, therefore, is the sufficiency of the complaint.

It is claimed by the appellant, that, as Vogel and Schreiber were partners, Schreiber had the power to sell and dispose of the real estate of the firm in the same manner as if it had been personal property, and that consequently Schreiber's deed conveyed to him Vogel's title to the lot, as well as Schreiber's; that, as a result, he, the appellant, obtained a full title to the entire lot, subject only to the claim of Kastner under his purchase at the sheriff's sale; that, having redeemed the lot from the sale to Kastner, all liens against it were discharged, and his title was complete; that, at all events, as Kastner accepted the redemption money, the firm of Kastner & Renner, for whom he was evidently acting, are estopped from asserting any further lien or claim against the lot.

As to the power of a partner over the real estate of a firm, we understand the rule to be, that no partner or proportion of partners can sell or transfer the real estate of the firm outright for money, or by way of mortgage, or to assignees in trust for debts, without the consent and authority of the other partners.

One partner may contract debts and make contracts which will indirectly reach the realty, because it must finally be subject to the debts of the firm; but he can not directly convey or appropriate it, excepting so far as he has the legal title in himself. It would seem, therefore, that the power of a partner over the real estate of the firm is less than that over the personal estate, and that the deed of Schreiber to the appellant did not transfer the interest of Vogel in the lot. Parsons Partnership, 376.

As to Vogel's interest, the appellant was a volunteer,

only, in his redemption of it from the sale to Kastner,. and acquired no lien or precedence by such redemption. It is only a mortgagee or judgment creditor who acquires a lien on real estate by advancing money to redeem it. 2 R. S. 1876, p. 220.

Whether Kastner might not have successfully resisted the appellant's right to redeem Vogel's interest is a question we need not decide, as his acceptance of the redemption money recognized the appellant's right to redeem it,. and estopped him from afterward denying that right. To that extent, we think, Kastner was estopped by his acceptance of the redemption money; and no further. *Phyfe* v. *Riley*, 15 Wend. 248.

When real property is redeemed from a sale under execution, either by the owner or some one else acting in his behalf, the certificate of sale is simply annulled, and the property restored to the position it occupied before the sale, with the judgment lien or liens reinstated for any balance or balances remaining unpaid, and may be resold to discharge such judgment lien or liens. *Wood* v. *Colvin*,. 5 Hill, 228; *Bodine* v. *Moore*, 18 N. Y. 347.

Independently of any authority on the subject, we think that is the fair and reasonable construction of our statute for the redemption of real estate sold on execution, and we hold that such is its proper construction.

If Schreiber had redeemed the property, without conveying it to the appellant, he clearly could not have objected to a resale of it for the payment of any unpaid balance of a judgment lien against him. We can not see on what principle it can be claimed, that the appellant, as the grantee of Schreiber, occupies any better or more favorable position.

We are, therefore, led to the conclusion, that the court below did not err in sustaining the demurrer to the complaint.

The judgment is affirmed, at the costs of the appellant.