## TEAL ET AL. *v.* HINCHMAN ET AL.

MORTGAGE.— *Foreclosure of.—Merger.—Redemption.— Vacation of Sheriff's Sale.—Pleading.*—In this action the complaint alleged, in substance, that in 1871 the defendant A. executed to one B. a mortgage on certain real estate, to secure a promissory note given for the purchase-money of said

real estate ; that the plaintiffs were the owners of said note by endorsement, etc.; that in 1875 the plaintiffs brought suit against A., as sole defendant, to foreclose said mortgage and collect the note ; that they obtained judgment on said note, for more than eight hundred dollars, and also a decree of foreclosure ; that on February 25th, 1876, said real estate was duly sold by the sheriff to one of the plaintiffs for twenty-five dollars and a certificate of sale was executed by the sheriff to said plaintiff ; that afterward C., a junior incumbrancer, deposited with the clerk of the proper court the amount of said bid, with ten per cent. thereon, thereby satisfying said judgment to that extent ; that the residue of said judgment was unpaid and a prior lien on said real estate ; that certain other defendants, naming them, were junior incumbrancers. Prayer, that the judgment theretofore rendered on said mortgage be decreed a lien on said real estate prior to the liens of said defendants, that they be required to litigate their rights and be limited by these proceedings in the equity of redemption to the statutory period, and that said real estate be declared subject to said balance of said judgment, and be sold to satisfy the same, and that the original judgment and decree be merged in these proceedings.

*Held,* that the complaint is sufficient.

*Held,* also, that the mortgage was not so merged in said judgment of foreclosure, as to defeat the lien thereof.

*Held,* also, the mortgaged premises having been duly redeemed according to law, from the sheriff's sale thereof, that such sale was vacated and set aside ; and thereafter both the mortgage and the judgment of foreclosure, so far as the mortgaged premises were concerned, stood as if no sale by the sheriff had been made.

From the Hancock Circuit Court.

*C. G. Offutt,* *W. H. Martin,* *J. L. Mason,* *W. R. Hough,* *R. A. Riley* and *W. S. Denton,* for appellants.

*J. A. New* and *C. E. Barrett,* for appellees.

Howk, C. J.—This was a suit by the appellees, against the appellants, in a complaint of a single paragraph, wherein the appellees alleged, in substance, that on the 1st day of September, 1871, the appellant William A. Teal executed to one William C. Burdett a certain mortgage, a copy of which was filed with and made part of said complaint, thereby conveying to said Burdett the real estate in Hancock county, Indiana, de-

scribed as " a north middle division of the west half of the south-west quarter of section 32, in township 16 north, of range 7 west," and particularly describing the same by metes and bounds, to secure the payment of three promissory notes, of even date with said mortgage, each for the sum of five hundred and thirty-five dollars, two of which notes had been paid off and satisfied, and the other note, payable forty months after date, was still due and unpaid, bearing interest at the rate of eight per cent., payable annually, and providing for attorney's fees if suit be instituted thereon ; that the said note was given for the purchase-money of said real estate, and the said mortgage was also executed to secure the payment of the purchase-money of said real estate ; that afterward, on the 25th day of August, 1875, the appellees commenced a suit in the Hancock Circuit Court, against the appellant William A. Teal, as sole defendant, to foreclose the said mortgage and collect the amount due on the said note, payable forty months after its date, then amounting to about the sum of eight hundred dollars; and that, in said suit, the appellees afterward obtained a judgment by default against the said Teal, on said note, for eight hundred and one dollars and seventeen cents, and for the foreclosure of the said mortgage against said William A. Teal only. Copies of the complaint and judgment, in said suit, were filed with and made parts of the complaint in this action.

The appellees further said, that on the 25th day of January, 1876, a copy of said judgment and decree in said suit was issued to the sheriff of Hancock county, who, on said decree, advertised said real estate for sale on the 25th day of February, 1876, and on said day the said real estate was offered for sale and sold to the appellee, Theresa J. Hinchman, for the sum of twenty-five dollars, which the appellees had paid, as appeared from the

sheriff's return endorsed on said writ, and said sheriff executed to her a certificate of such sale; that afterward the appellant Alfred E. Teal, as a junior encumbrancer, deposited with the clerk of said court the amount of the bid of said Theresa J. Hinchman, and ten per cent. thereon, thereby satisfying said judgment to the extent of twenty-five dollars; that the residue of said judgment and the interest thereon, amounting to about nine hundred dollars, are justly due and unpaid, and a lien, prior to the liens of any and all the appellants, on said real estate; that the appellant William A. Teal, on the 12th day of February, 1877, executed to the appellant Alfred E. Teal a promissory note for one thousand dollars, and a mortgage to secure the payment of said note, on the same real estate described in the mortgage sued on by the appellees, but the lien of said mortgage to said Alfred E. Teal is junior to the lien of the mortgage owned and held by the appellees; that the appellees derived their title to the note sued on by them by an assignment thereof from Zerelda Swope, to whom it had been assigned by said William C. Burdett, each of which assignments was made by the endorsement of the name of the assignor on the back of said note; that the said mortgage, within ninety days after its execution, was duly recorded in the recorder's office of said Hancock county; that the appellant Sarah A. Derry was the owner of a certain portion of said real estate, by purchase from said William A. Teal subsequently to the execution of said mortgage, and, claiming to be the owner thereof, she is a junior encumbrancer of said real estate, and that the other appellants, naming them, were each claiming by purchase, subsequent to the execution of said mortgage, of divers portions of said real estate, and each claimed to have an interest in the subject-matter of this suit, and each was a junior encumbrancer to the appellees' lien, under the mortgage in

suit on the real estate therein described, and each of them was therefore made a defendant to this action.

The appellees further alleged that, long after the execution and record of said mortgage, one James Simpson, claiming to be the owner of that part of the real estate described in the appellees' mortgage, since known as "Teal's Reserve," mortgaged the same to the State of Indiana, for the use of its common school fund, to secure the payment of four hundred dollars, which mortgage was unpaid and unsatisfied, and was a junior lien on said real estate to the appellees' lien under their mortgage, "and the State is also made defendant, to limit the equity of redemption." Wherefore the appellees asked that the court decree the said judgment, theretofore rendered on said mortgage against the appellant William A. Teal, to be a prior lien on said real estate to any and all the liens and interests of the other appellants, and that the appellants should be required to litigate their rights and interests in this action; that they be limited by these proceedings, in the equity of redemption of said real estate, to the statutory period, and bound by the decree herein; and that said real estate be declared subject to said balance of the appellees' judgment, and be sold to satisfy said judgment, and that the original judgment and decree be merged in these proceedings, and for all proper relief.

To this complaint the appellants William A. Teal, Alfred E. Teal and the State of Indiana, each demurred separately for divers grounds of objection, and all the other appellants jointly demurred for the want of sufficient facts; which demurrers were each and all overruled by the court, and to these rulings the appellants severally excepted. All the appellants jointly answered the complaint by a general denial thereof.

Afterward, when the cause was called for trial, each and all of the appellants failed to appear, and, though "three times loudly called," wholly made default. The cause was

tried by the court, and a finding was made for the appellees, and a judgment and order of sale were made and rendered accordingly, substantially as prayed for in appellees' complaint.

The following alleged errors have been assigned by the appellants jointly in this court:

1. That the circuit court erred in overruling each of the separate demurrers to the appellees' complaint; and,

2. That the court erred in its judgment and order of sale, made and rendered in this cause, the same not being authorized nor warranted by the allegations of the complaint.

It is claimed by the appellants' counsel, as we understand their argument, that the appellees' complaint was insufficient, because it was not alleged therein that the appellants, other than said William A. Teal, had purchased their respective parts or portions of the mortgaged premises subsequent to the foreclosure of the mortgage against said Teal only, and the judgment over against him, mentioned in said complaint. We fail to see the force of this objection to the complaint. Indeed, it seems to us that if the appellants, other than said Teal, had in fact purchased their respective parts of said mortgaged property after the rendition of such judgment of foreclosure and of such judgment over, there would have been no necessity whatever for the present suit, and it would hardly have been brought. It was alleged by the appellees, in their complaint in this case, that all the appellants, except said William A. Teal, had acquired their respective interests in the mortgaged premises after the execution and record of said mortgage, and owned and held such interests at the time of the foreclosure of the mortgage against said Teal as sole defendant. From some cause, not clearly apparent in the record of the action, the appellants, other than said Teal, were not made parties to the original foreclosure suit; and therefore neither they nor their respective interests in

the mortgaged property were in any manner bound by the judgment therein rendered. It is certain, we think, that the mortgage was not merged in said judgment of foreclosure, in any such sense as would defeat the lien of the mortgage; for the mortgage is a security of greater dignity than the judgment, at least in this, that the lien of the mortgage will continue in force, if not satisfied, for a period of twenty years, while the lien of the judgment is a creature of the statute, and will cease by limitation, at the expiration of ten years. *Lapping v. Duffy,* 47 Ind. 51; *Goddard* v. *Renner,* 57 Ind. 532; *Cauthorn* v. *The Indianapolis, etc., R. R. Co.,* 58 Ind. 14.

It is insisted, however, that, by reason of the sale by the sheriff of the mortgaged property, under the said judgment of foreclosure, "the mortgage and the decree thereon became *functus officio,* and the appellees, if the mortgaged premises did not sell for enough to satisfy said judgment in full, would be compelled to look to the lien of the judgment over for the residue thereof." If the mortgaged property had not been redeemed from the sheriff's sale thereof, under said judgment of foreclosure, in the manner and within the time allowed by the statute, and if, accordingly, by reason of such non-redemption, such sheriff's sale had been fully confirmed and consummated according to law, by the execution and delivery to the purchaser of a proper sheriff's deed of such mortgaged property, then it would seem to us that the mortgaged premises had thereby become divested and entirely freed from the lien of the mortgage and of the judgment of foreclosure. But it was alleged by the appellees, in their complaint, and conceded to be true by the appellants' demurrers, that the mortgaged premises were duly redeemed, according to law, from the said sheriff's sale thereof, before the commencement of this suit. The effect of such redemption was to vacate and set aside the said sheriff's sale of the mortgaged

property, and thereafter both the mortgage and the judgment of foreclosure stood precisely as they would have done, so far as the property was concerned, if no sale thereof by the sheriff had ever been made. *Greene* v. *Doane,* 57 Ind. 186.

The appellants' counsel claim in argument that the complaint was bad on the demurrers thereto, because it did not not show that the appellee Joseph V. Hinchman had any interest in the subject-matter of the action. We think, however, that this argument was founded upon a misapprehension of the facts stated in the complaint; for the appellees alleged therein, "that they derived their title to said note by assignment from Zerelda Swope, who received it by assignment from Burdett, which assignments were each by endorsement, by writing their names on the back of said note."

The brief of the appellants' attorneys, in this court, closes with this statement: " That the State of Indiana, on the relation of the common school fund, is a necessary and proper party defendant to a determination of said cause." Whether this position is well taken or not, it is certain that the complaint in this case is not open to any objection on this ground, for the appellees made the State of Indiana, on the relation of its common school fund, a party defendant to their action, and such defendant appeared therein by counsel and responded to appellees' complaint.

No notice whatever has been taken in argument by the appellants' attorneys of the second alleged error. Under the settled practice of this court, this error must therefore be regarded as virtually waived.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.