Taggart *v.* McKinsey.

---

No. 9717.

### Taggart *v.* McKinsey.

Sheriff's Sale.— *Time of Redemption.*— *Sheriff's Deed.*—*Estoppel.*—It is competent for the purchaser of real estate at sheriff's sale, to suffer the land to be redeemed from such sale, after the expiration of the year allowed by law for such redemption and before the execution of the sheriff's deed, and if he agree to such redemption, and accept the redemption money, he will be estopped to deny the right to redeem.

Same.—*Effect of Redemption.*—The effect of a redemption is to vacate and set aside the sheriff's sale of the real estate, and to restore the same and the title thereto precisely as they were held prior to the sale.

Supreme Court.— *Weight of Evidence.*—Where the evidence in the record fairly tends to sustain the verdict on every material point, the Supreme Court will not disturb the verdict on the weight of the evidence.

From the Brown Circuit Court.

*W. W. Browning,* —— *Cummings, R. Hill* and *J. W. Nichol,* for appellant.

*G. W. Cooper,* for appellee.

HOWK, J.—This was a suit by the appellant to recover the possession of certain described real estate, in Brown county, and damages for its detention. The appellee answered by a general denial of the complaint, and by a cross complaint. The appellant's demurrer to the cross complaint, for the want of sufficient facts, was overruled by the court, and his exception saved to such ruling. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, that he was the owner and entitled to the possession of the real estate in controversy, and that his title thereto should be forever quieted and put to rest, as against the appellant's claim. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment for appellee, in accordance with the verdict.

The appellant has assigned, as errors, the decisions of the court in overruling his demurrer to appellee's cross complaint, and his motion for a new trial.

1. In his cross complaint, the appellee alleged, in substance, that on April 22d, 1876, he purchased the real estate described in appellant's complaint, of one Thomas J. Taggart, and that the said Thomas J. and Evaline Taggart, his wife, on the same day, by their warranty deed, conveyed the same real estate to the appellee; that, before such purchase and conveyance, one Adam T. Smith recovered two judgments, in the Brown Circuit Court, against the said Thomas J. Taggart and the appellant, to wit, one for the sum of $228.15, on June 21st, 1875, and the other for $132.30, on November 1st, 1875; that on August 15th, 1876, executions were issued on both of said judgments, directed and delivered to the sheriff of Brown county, who thereafter, on November 27th, 1876, levied the same on the real estate in controversy, and on other lands at that time belonging to said Thomas J. Taggart; that afterwards, on January 6th, 1877, the said sheriff, by virtue of said executions, offered and sold at public sale all the real estate and lands so levied on, as an entirety, to the appellant, for the sum of $250; and that the sheriff then

and there executed to the appellant a certificate of such sale; that after the sheriff's sale of said real estate and other lands, and before the sheriff executed a deed thereof to the appellant, the said Thomas J. Taggart and one James Hamblen fully paid to the appellant the sum of $280, in full of his purchase-money, interest and costs, and that the appellant accepted such payment in full satisfaction of all his claim in and to the real estate in his complaint described, but failed to surrender his certificate of purchase to the appellee, or to said Thomas J. Taggart and James Hamblen; that after such payment of $280, and the acceptance thereof by the appellant as a full, final and complete settlement of all matters in relation to the real estate described in his complaint, he procured a sheriff's deed of such real estate, and was claiming title thereunder, which was a cloud upon appellee's title. Wherefore, etc.

It will be observed that it is not alleged in this cross complaint that the sum of $280 was paid to and accepted by the appellant, in satisfaction of his claim to the real estate in controversy, before the expiration of the year allowed by law for the redemption thereof from the sheriff's sale. It may be assumed, therefore, as against the appellee, that the payment was made and accepted after the year for redemption had expired, but, as alleged, before the sheriff had executed a deed of the real estate to the appellant. It is competent for the purchaser of real estate at sheriff's sale to suffer the redemption thereof after the expiration of the year allowed by law for such redemption; and if he agree to such redemption, and accept the redemption money, he will be estopped to deny the right to redeem. *Goddard* v. *Renner*, 57 Ind. 532. Until the execution of the sheriff's deed, the title or interest of the purchaser is defeasible during the time allowed by law for redemption from the sheriff's sale; and after the expiration of that time the payment of the redemption money and its acceptance by the purchaser, and before the execution of such deed, will defeat his title or interest under his certificate of sale, and annul such certificate. The effect of such redemption

is to vacate and set aside the sheriff's sale of the real estate, and to restore the same and the title thereto precisely as they were held prior to such sale. *Teal* v. *Hinchman*, 69 Ind. 379; *Smith* v. *Moore*, 73 Ind. 388; *Duke* v. *Beeson*, 79 Ind. 24.

The allegations of the cross complaint are not so full, clear and explicit as they might have been, but they can only be construed to charge, that before the execution of the sheriff's deed under which the appellant claims title, but after one year had expired from the date of the sheriff's sale, the full amount of the redemption money was paid to and accepted by the appellant, in full satisfaction of all his claim in and to the real estate described in his complaint. The appellant had the right to accept such redemption money, if he chose so to do, after the expiration of one year from the date of the sheriff's sale; and if he did so, as alleged, the redemption would be as full and complete, and have the same consequences, if the sheriff's deed had not been executed, as if the redemption had been made within the year allowed by law therefor. The certificate of sale would be thereby annulled, and the sheriff's deed, subsequently executed on such certificate, would be void and of no effect. Possibly, the cross complaint would have been open to a motion to make its allegations more certain and specific; but it is certain, we think, that the facts therein stated were sufficient to constitute a cause of action, in appellee's favor, and to withstand the appellant's demurrer thereto.

In discussing the questions arising under the alleged error of the court, in overruling the appellant's motion for a new trial, his counsel have devoted the most of their argument to the insufficiency of the evidence, as they assert, to sustain the verdict. They have placed much stress, in their brief, upon an admission of the appellee in regard to the validity of the sheriff's deed, under which the appellant claimed his title to the premises in controversy. This admission was made and used for the purpose of evidence on the trial of the cause. Since the filing of the appellant's brief, however, the appellee has procured, by a proceeding in the trial court to that end,

and has brought before this court, such a material modification or alteration of his alleged admission, as entirely destroys the force of appellant's argument on that point. The evidence abundantly tends to sustain the verdict of the jury on every material point; and in such case, as we have often decided, we can not disturb the verdict on what we might regard as the weight of the evidence. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

It was assigned as cause for a new trial, in the appellant's motion therefor, " That the court erred in giving to the jury, of its own motion, instructions from one to ——, inclusive." We do not think that this cause for a new trial called in question in the trial court, or presents any question here of error in, any of the instructions except instruction one. The court gave, of its own motion, seventeen written instructions, but the appellant designates only instruction one as erroneous in his motion for a new trial. Of this instruction the appellant's counsel say: " The first instruction is a mere recital of the nature of the controversy, and no point is made on it." The only instruction, of which complaint is made in argument, is the fourth one; and of this one, if it were properly before us, it might well be said that the objection pointed out to it presents no available error. Counsel do not complain of what the instruction states, but of what it omits to state. The proper remedy for such an omission is, not an exception to the instruction given, but a request to the court to give an instruction supplying or covering the omission. Then, if the court refuse to give the instruction asked for, and the proper exception is saved, the error, if it be an error, will be presented by the record. But, in such case, the party can not, by merely saving an exception to the instruction given, get an available error into the record. *Jones* v. *Hathaway*, 77 Ind. 14.

The court did not err, we think, in overruling the motion for a new trial.

The judgment is affirmed, with costs.