Hervey v. Krost et al.

Filed Dec. 12, 1888.

116  268
116  488
118  335
121  150

116  268
125  392

116  268
129  179
129  226
129  574

116  268
131  553
132  348
133  669
133  676

116  268
141  408
143  96

116  268
146  699
147  22

116  268
150  268
150  269
151  18

116  268
158  599

## No. 13,437.

## HERVEY v. KROST ET AL.

SHERIFF'S SALE.—*Redemption by Subsequent Mortgagee.*—Under section 774, R. S. 1881, a mortgagee, although his mortgage is executed after a judicial sale of the property, may redeem from such sale, if his mortgage is recorded within the year for redemption.

SAME.—*Redemption by Disqualified Person.*—*Estoppel.*—It is only the person holding the certificate of sale who may question the right of another to redeem, and if he, without objection, accepts the redemption-money from a disqualified person, he is estopped from denying the validity of the redemption.

SAME.—*Vacation of Sale.*—*Re-Sale.*—*Statute Construed.*—Section 770, R. S. 1881, providing that when real estate shall be redeemed by the owner or person claiming under him, the sale shall be vacated and the property again subject to sale, refers to redemptions made by the owner, his executor, or administrator, his heirs or devisees, or one holding either the legal or equitable title under him or them, as provided in section 768 and 769.

SAME.—*Sale Extinguishes Lien.*—A sale made in pursuance of a judgment or decree of foreclosure extinguishes the lien of the judgment or mortgage as to the land sold, and the lien can be restored only when the sale has been vacated by a redemption by the persons contemplated by section 770.

SAME.— *When Redemption Does not Vacate Sale.*—Redemption by a junior mortgagee, as such, or by any other person or persons except those included in section 770, does not vacate the sale and subject the property to re-sale on execution as if no sale had been made.

SAME. — *Lien-Holder can not Redeem from his Own Sale and Re-Sell.* — A mortgagee or judgment lien-holder, after he has once sold land upon an execution or decree, can not redeem from his own sale, in case it produces less than the whole amount of his judgment, and thereby restore the lien of the judgment and subject the property to re-sale as if no previous sale had been made. *Greene* v. *Doane*, 57 Ind. 186, and cases following it, holding a contrary doctrine, were decided upon a statute differing from that now in force.

From the Lake Circuit Court.

*L. D. Thomas*, for appellant.

MITCHELL, J.—This proceeding was instituted by Robert G. Hervey against John Krost and Rodman H. Wells, the latter being the sheriff of Lake county, to enjoin the sale of certain real estate.

The record discloses that Krost recovered a judgment in the Lake Circuit Court on the 3d day of October, 1883, against Josephus Collett and another, for a large sum of money, and that there was entered in the same proceeding a decree of foreclosure of a mortgage and an order for the sale of certain real estate owned by Collett, to satisfy the judgment so rendered.

In pursuance of the decree, the sheriff sold two separate parcels of real estate on the 17th day of November, 1883, Holton becoming the purchaser of one of the tracts, and Youche of the other. Subsequently both of the above named purchasers assigned their respective certificates of purchase to John P. Merrill. The judgment remaining partially unsatisfied, another tract of Collett's land was in like manner sold to John P. Merrill on the 15th day of November, 1883. The greater part of the judgment remained unsatisfied after the above mentioned sales, both of which were made at the request and under the direction of Krost, the judgment plaintiff. On October 28th, 1884, Collett executed a mortgage,

covering the several tracts of land sold as above mentioned, to the plaintiff Hervey, to secure an indebtedness due the latter. After duly recording his mortgage, Hervey redeemed from all of the previous sales by paying the requisite amount of money into the clerk's office within one year from the date of the respective sales. Merrill, who held all the certificates of sale, recognized the plaintiff's right to redeem, and received the money which had been paid in as redemption-money. After the redemption by Hervey, and within one year from the respective sales, Krost, the judgment plaintiff, claiming the right to redeem and re-sell the property by *venditioni exponas*, in virtue of his unsatisfied judgment, paid to the clerk of the Lake Circuit Court the amount of money theretofore paid by the plaintiff Hervey as redemption money. It was to enjoin a re-sale by Krost that this suit was instituted.

The question is thus presented whether or not a judgment creditor, who causes the land of his debtor to be sold to satisfy an execution or decretal order, can redeem from a sale so made in case the land sells for less than the amount of his judgment?

We are not favored with a brief on behalf of the appellees, and are, therefore, without any argument in support of the judgment of the learned court below.

In the brief of appellant's counsel it is stated that the court below was of the opinion that the plaintiff was not within any of the provisions of the redemption law, and, therefore, not entitled to redeem from the sales made by Krost, and that if he could redeem he would stand in the shoes of Collett; that the redemption by him would simply vacate the previous sale and subject the land to re-sale.

Under section 774, R. S. 1881, "Any person having a lien, otherwise than by judgment, upon the real estate, or any parcel or parcels thereof sold in one body, may, at any time within one year from said sale, and after he shall have had

his lien duly recorded where, by law, the record thereof is provided for, redeem," etc.

Within the provisions of the above section, a mortgagee, although his mortgage may have been executed after the sale, has the right of redemption secured to him, provided his mortgage shall have been duly recorded within the year for redemption. *Phillips* v. *Demoss*, 14 Ill. 410; *Pollard* v. *Taylor*, 13 Ala. 604; *Van Rensselaer* v. *Sheriff*, etc., 1 Cow. 501; Freeman Executions, section 317.

The plaintiff seems to be within the terms of the above section. But the question of Hervey's right to redeem from the previous sales is one entirely between him and the purchaser whose purchases he redeemed from. Whether he had the right or not, he assumed that he had, and paid the clerk the proper amount as redemption-money. Merrill, the only person who had the right to raise any question, accepted the money so paid, and the redemption thereby became an accomplished, indisputable fact. *Goddard* v. *Renner*, 57 Ind. 532; *West* v. *Krebaum*, 88 Ill. 263; *Abadie* v. *Lobero*, 36 Cal. 390.

" If a redemption made by a disqualified person is acquiesced in by the purchaser or other person from whom the redemption is made, it will estop such person, after he has received the redemption-money, from denying the validity of the redemption." Freeman Executions, section 317.

Whatever right Krost had under the statute regulating redemptions of real estate, was in no wise affected by the redemption made by Hervey, nor is his right dependent in any respect upon the rights of the latter. Section 770 enacts that whenever any real estate shall be redeemed by the owner, or any part owner or persons claiming under them, the sale by the sheriff shall be wholly vacated, and the real estate shall be subject to sale on execution as if such sale had not been made.

This section refers to redemptions made by the owner, or by his executor or administrator, or any one holding either

the legal or equitable title under him, in pursuance of the two preceding sections. It has no reference to redemptions made in pursuance of the provisions of succeeding sections.

When property is redeemed by any person or persons falling within the description of those designated in section 770, the effect of the redemption is to annul or vacate the sale, and the judgment upon which the sale was made, so far as it remains unsatisfied by the bid, again becomes a lien upon the land, and is reinstated to its former position. *Goddard* v. *Renner, supra;  State, ex rel.,* v. *Sherill,* 34 Ind. 57; *Bodine* v. *Moore,* 18 N. Y. 347.

Accordingly, it has been held that a redemption by one who took a conveyance from the judgment debtor of real estate previously sold at sheriff's sale, or by one who purchased the property at a sheriff's sale made subsequent to the sale redeemed from, simply annulled the first sale, and restored the property to the position it occupied before the sale, with the judgment lien or liens reinstated, for any sums remaining unpaid. *Cauthorn* v. *Indianapolis, etc., R. R. Co.,* 58 Ind. 14.

Redemption by a junior mortgagee, as such, or by any other person or persons except those included in section 770, does not have the effect to vacate the former sale, and subject the property to re-sale on execution as if no sale had been made.

After redemption has been made by persons entitled, under the provisions of section 774, the land may be redeemed from them upon the same terms and conditions as are required in case of redemption by judgment creditors under the previous sections.

We conclude, therefore, that the plaintiff had the right to and did redeem, and that the redemption by him did not vacate the previous sale, so as to subject the property to re-sale under section 770.

This brings us to consider the principal question in the case, and that is: May a mortgagee or judgment lien-holder,

after he has once sold land upon an execution or decree, redeem from his own sale, in case it produces less than the whole amount of his judgment, and thereby restore the lien of his judgment and subject the property to re-sale as if no previous sale had been made?

The right to acquire a lien upon real estate by judgment, and the right to sell real estate either upon execution or decretal order, did not exist at common law, and is derived from and regulated entirely by the statute. " It begins, continues and terminates at the will of the Legislature." *Duke* v. *Beeson,* 79 Ind. 24; *Davis* v. *Rupe,* 114 Ind. 588 (595); *Gimbel* v. *Stolte,* 59 Ind. 446; *Houston* v. *Houston,* 67 Ind. 276; *Watson* v. *New York, etc., R. R. Co.,* 47 N. Y. 157.

Redemption is also a statutory right. "The statute creates the right, prescribes the time and method of its exercise, and designates the person entitled to exercise it."

While the courts favor and give a liberal construction to redemption laws in the interest of the debtor and others who are concerned that the debtor's property shall go toward the payment of his debts, to the full extent of its value, and to whom the right of redemption may be their only means of protection, it never could have been intended that redemption laws should afford a rapacious creditor the means of speculating out of the property and upon the necessities of his debtor.

Accordingly, a creditor who invokes the agencies of the law, and exposes the property of his debtor to sale, can thereafter do nothing either by way of redeeming or otherwise to defeat the title of a purchaser who purchased at the creditor's own sale, except by the authority of a statute fairly giving the right. *Wood* v. *Colvin,* 5 Hill, 228; *Clayton* v. *Ellis,* 50 Iowa, 590.

As respects the purchaser, and parties holding under him, and other creditors holding liens, the sale, although it only partially satisfies the judgment, nevertheless discharges the

land sold from the lien, and exhausts the remedy of the creditor in respect to the property sold, subject to the contingency that the owner, or some one claiming under him, may redeem, in which case the sale is wholly vacated, and the lien of the judgment restored under the provisions of section 770. *Goddard* v. *Renner, supra; Amory* v. *Reilly,* 9 Ind. 490 (493), and cases cited; *Russell* v. *Allen,* 10 Paige, 249 ; *Todd* v. *Davey,* 60 Iowa, 532 ; *Escher* v. *Simmons,* 54 Iowa, 269 ; *Hayden* v. *Smith,* 58 Iowa, 285; *McCullough* v. *Rose,* 4 Bradwell, 149 ; *Lauriat* v. *Stratton,* 6 Sawyer, 339.

As is said in the case last above cited : " In the very nature of things the right to redeem is inconsistent with the right to sell."

There are no equitable considerations upon which such a right can be predicated. A creditor who directs the sale of his debtor's property is, in contemplation of law, present at the sale, and has the opportunity and is in condition to bid the fair value of the property, at least to an amount equal to the judgment upon which he exposes it to sale. If he bids less than the amount of his claim, or if he permits it to be sold for less, it should be conclusively presumed, as between him and the purchaser, and other creditors holding liens which entitle them to redeem, that the amount of the bid was the true value of the property to him. No good reason can be suggested why he should be afforded the opportunity to experiment, with a view of obtaining the property of his debtor at the smallest possible price, nor should he be permitted, under the guise of redeeming, to break down and annul his own sale, and expose the property again.

In *Greene* v. *Doane,* 57 Ind. 186, it was held that a statute regulating the redemption of real estate, which provided that " any mortgagee or judgment creditor having a lien upon the same may redeem such real property or interest therein, at any time within one year," authorized a judgment creditor to redeem where the amount bid at the sale was insufficient to satisfy the judgment.

The theory upon which the decision proceeds is, that so much of the judgment as remained unsatisfied after the sale continued to be a lien on the real estate sold, and that the creditor who directed the sale was, therefore, a judgment creditor, having a lien upon the property sold, and was hence within the letter of the statute, and entitled to redeem from his own sale.

The reasoning of the learned judge who wrote the opinion in the case cited, takes no account of the universally accepted rule which declares that a sale made in pursuance of a judgment or decree extinguishes the lien of the judgment or mortgage so far as it affects the land sold, and that the lien can only be restored or reinstated by vacating the sale in some manner specifically prescribed by statute. *Greene* v. *Doane, supra,* was followed in later cases, and as long as the statute to which it gave a construction remained without substantial modification. *Teal* v. *Hinchman,* 69 Ind. 379 ; *Smith* v. *Moore,* 73 Ind. 388 ; *Duke* v. *Beeson, supra.*

In view of the decisions thus made, without regard to our opinion concerning the soundness of the reasoning upon which the initial decision was founded, but for the intervention of the Legislature we should have felt constrained, after the lapse of the intervening time, to acquiesce and continue in the line of that case. The Legislature has, however, changed the statute in a material respect.

Section 771, R. S. 1881, in force since April 11th, 1881, so far as relevant to the question under examination, reads as follows : " In the absence of a redemption as above provided, by any owner, part owner, or person claiming under either, the real estate sold, or any parcel or parcels thereof sold in one body, may be redeemed at any time within one year from the date of sale, by any judgment creditor, his executors, administrators, or assigns holding a judgment or decree against the defendant whose title or interest shall have been sold, which, at the time he or they offer to redeem,

shall be a lien upon such title or interest, *and which shall be junior to the judgment under which the property was sold.*"

It is fair to assume that this important modification of the statute was made in view of the decisions of this court already referred to, and as expressive of the legislative purpose to abrogate and effect a change in the law regulating the right of a judgment creditor to redeem from his own sale, as it had been declared in *Greene* v. *Doane, supra,* and the later cases following it. By no possible construction could it be held that a judgment or decree, which remained partially unsatisfied after a sale, not only constituted a lien upon the title or interest sold, but that it was a lien junior to the judgment under which the property had been sold.

As we have already seen, the rule is without exception, that after a sale the judgment or decree, in pursuance of which the sale was made, does not constitute a lien upon the property sold until the sale is vacated and the lien restored according to the provisions of a positive statute. It is only after the judgment debtor, or some one claiming under him, redeems, thereby vacating the sale, and terminating its effect, that the lien of the unsatisfied portion of the judgment attaches, the same as if no sale had ever taken place. That there might be no room for construction, however, the statute above set out expressly provides that the lien, which shall entitle the holder thereof to redeem, must be junior to the judgment under which the property was sold. *Simpson* v. *Castle,* 52 Cal. 644.

In *Porter* v. *Pittsburgh Steel Co.,* 122 U. S. 267 (280), the court, having under consideration the redemption law now in force in this State, held, (1.) That the sale of property on execution exhausted the lien of the judgment upon which the property was sold. (2.) That section 774 gives persons having a lien other than by judgment the right to redeem. (3.) That redemption by such persons does not have the effect to restore the lien of the decree upon which the property was

sold, and that the statute does not give the seller the right to redeem. The decision expresses our view of the law.

An examination of the statute will make it apparent that the right to make a statutory redemption is confined to three classes of persons:

1. The owner, or part owner, his executor or administrator, under the order of the court, or his heirs or devisees, or any person claiming a legal or equitable title under him or them.

2. Any judgment creditor, his executors, administrators or assigns, whose judgment or decree shall, at the time he offers to redeem, be a lien on the property sold junior to that upon which the sale was made.

3. Any person having a lien, otherwise than by judgment, which shall have been duly recorded within one year from the date of the sale.

It is only in case of redemption by persons embraced in the first class that the sale is vacated and the real estate again subjected to the lien of the judgment and to re-sale as if no sale had been made. In no case does the statute contemplate or provide for a redemption by the judgment creditor upon whose judgment the sale was made. On the contrary, it excludes the idea at every point that one causing the sale to be made may redeem. We see no reason why such right should be given by construction, even if the court had the power or authority so to give it.

The foregoing considerations lead to a reversal of the judgment.

Judgment reversed, with costs, with directions to the court below to sustain the appellant's motion for a new trial.

Filed Dec. 13, 1888.