Filed Nov. 20, 1891.

---

No. 15,305.

ANDERSON v. ANDERSON, ET AL.

129 573
141 408

MORTGAGE.—*Foreclosure.*—*Redemption by Junior Encumbrancer.*—*Resale.*— A mortgagee who buys in the land himself, at the foreclosure sale, can not, after redemption by a junior encumbrancer, resell the land to enforce payment of an unsatisfied part of his judgment.

SAME.—*Right to Redeem.*—*Statutes Creating.*—*Alteration.*—Statutes creating a right to redeem may be altered. The right to redeem relates to the remedy, and is not so essentially and intrinsically a contract right as to be entirely beyond legislative control.

From the Clinton Circuit Court.

*S. H. Doyal* and *P. W. Gard*, for appellant.

*J. Claybaugh* and *R. P. Davidson*, for appellees.

ELLIOTT, J.—On the 3d day of January, 1876, Jeremiah Anderson executed a promissory note to the appellant, and, to secure payment of the note, Jeremiah and his wife Sarah

executed a mortgage to the appellant. Suit was brought on the note and mortgage, a judgment for $7,178 was recovered against Jeremiah, and a decree foreclosing the mortgage was rendered. On this judgment and decree the mortgaged land was sold for $3,000, and subsequently other property was sold for $1,500. The avails of the sales under the judgment were not sufficient to pay the judgment, but left the sum of $3,020 unpaid. In November, 1887, Sarah Anderson recovered judgment against Jeremiah Anderson for $1,516. On the 20th day of January, 1888, she redeemed the land described in the mortgage executed to the appellant. The appellant's position is that he is entitled to have the land sold to himself and redeemed by Sarah Anderson again sold to satisfy the $3,020 remaining unpaid upon his judgment against Jeremiah Anderson.

Counsel argue that the lien of the mortgage was not merged, and that the lien still exists, notwithstanding the sale, and refer us to the case of *Teal* v. *Hinchman*, 69 Ind. 379. It is true that the lien of a mortgage is not always merged in a judgment, and that equity will preserve the lien when necessary to prevent injustice. *Evansville, etc., Co.* v. *State, ex rel.*, 73 Ind. 219; *Pence* v. *Armstrong*, 95 Ind. 191 (207).

But the doctrine stated does not rule such a case as this. The principle which controls the present case may be thus stated : The sale on a judgment or decree exhausts it as to the property sold, and the judgment creditor can not, after redemption by a junior encumbrancer, resell the land to enforce payment of an unsatisfied part of his judgment. *Horn* v. *Indianapolis Nat'l Bank*, 125 Ind. 381; *Green* v. *Stobo*, 118 Ind. 332; *Hervey* v. *Krost*, 116 Ind. 268; *Simpson* v. *Castle*, 52 Cal. 644; *People, ex rel.*, v. *Easton*, 2 Wend. 298; *Russell* v. *Allen*, 10 Paige, 249; *Clayton* v. *Ellis*, 50 Iowa, 590.

The object of the law is to compel creditors to bid a fair and adequate price for the debtor's property, and to prevent

them from bidding a small sum, and, in the event of a redemption, again subject the property to sale. The policy of the law—and it is a sound and just one—is to prohibit the creditor from selling the property more than once for his own benefit, and to secure a just and fair price for the property in the first instance. Another purpose is to discourage the practice of creating costs by making repeated sales on the same judgment. The case of *Greene* v. *Doane,* 57 Ind. 186, has been disapproved in many decisions and by the text-writers generally. Our own decisions have emphatically asserted that even if that case was well decided under the statute then in force (which is questioned in some of the cases), it does not express the law as it now exists.

It is a mistake to suppose that the law intends that the redemption by a junior encumbrancer shall be for the benefit of the creditor, upon whose judgment the land was sold; for, on the contrary, the right of redemption is created for the benefit of the debtor and junior encumbrancers. When a junior encumbrancer redeems he does so, in contemplation of law, for his own benefit, and not for that of the creditor upon whose judgment the sale was made. *Porter* v. *Pittsburgh, etc., Co.,* 122 U. S. 267.

It is insisted by the appellant's counsel that the case is governed by the statute enacted prior to 1881, and that the decision in *Greene* v. *Doane, supra,* controls. But this position is untenable. Even if it were conceded that the doctrine of *Greene* v. *Doane, supra,* is sound, it would not follow that it governs here. It has been directly decided by the Supreme Court of the United States, and impliedly by this court, that statutes creating a right to redeem may be altered. The right to redeem is solely the creature of statute; it relates to the remedy, and is not, as it is held, so essentially and intrinsically a contract right as to be entirely beyond legislative control. *Connecticut, etc., Ins. Co.* v. *Cushman,* 108 U. S. 51; *Davis* v. *Rupe,* 114 Ind. 588;

*Hervey* v. *Krost, supra ; Parker* v. *Dacres,* 130 U. S. 43 ;
Freeman Executions, section 314.

