Filed Jan. 10, 1894.

---

### No. 16,520.

### JACKSON ET AL. *v.* NEAL.

| 136 | 173 |
|-----|-----|
| 140 | 613 |
| 136 | 173 |
| 165 | 286 |

EJECTMENT.—*Quieting Title.—General Denial.—Defenses Admissible Under.—Affirmative Answer.—Reply.—Demurrer.—Harmless Error.*— In a suit for the possession of, and to quiet title to, real estate, the defendant is entitled to introduce all defenses under the general denial, and the plaintiff is entitled to prove in avoidance of such defenses all matters he had, without any reply; but where the defendant answers by general denial, and also by affirmative matter, and the plaintiff replies to the affirmative answer by general denial and also by affirmative matter, there is no available error in sustaining a demurrer to the second paragraph of reply.

TAX SALE.—*Statute of Limitations.—Invalid Sale.—Lien.—Redemption.* —The five years' limitation applicable to tax sales, enacted in 1872, was intended for the protection of invalid tax sales; but where the purchaser at such sale treats the sale as invalid, and as conferring no rights other than a lien for the amount due him on account of such sale, and the purchaser accepts the redemption money for such lien, the effect of such redemption is to vacate and set aside the sale and to restore the real estate and the title thereto precisely as they were prior to such sale, the position of the parties being the same as if no sale had taken place, leaving nothing for the five years' limitation to operate upon.

SAME.—*Statute of Limitations.— When Operative.—Possession.*—In such case, the five years' statute of limitation does not run, unless the purchaser at the tax sale, or his grantees, were in possession of the land, for such time, under and by virtue of the tax title, or unless they had constructive possession under a. duly recorded deed not void on its face.

From the Grant Circuit Court.

*W. H. Charles* and *J. Brownlee,* for appellants.

*G. A. Henry* and *P. H. Elliott,* for appellee.

McCabe, J.—Job Jackson died in 1854, intestate, seized in fee simple of forty-nine and one-half acres of land in Grant county, described in the complaint.

He left as his sole heirs Lydia Jackson, his surviving widow, William Jackson, his son, and four other children. The four other children conveyed their interest in the land to their brother, William, whereby he became the owner by descent and conveyances of the undivided two-thirds of the lands mentioned prior to 1868, and his mother, Lydia, by descent, was the owner of the undivided one-third of said land.

While the title was thus held, the land was sold to one Flinn for $43.48, for delinquent taxes, by the treasurer of Grant county, on the 9th day of February, 1870, for the taxes thereon for the years 1869 and 1870; that Flinn, on January 7th, 1874, assigned his certificate of tax sale to one Jeremiah Howell, to whom, on demand, the auditor of said county, on the 2d day of February, 1874, executed a tax deed pursuant to said sale.

William Jackson and his wife Laura, on the 17th day of July, 1874, conveyed by quitclaim deed the undivided two-thirds of said land to said Jeremiah Howell for $2,-636.15.   Afterwards, Lydia Jackson, for the consideration of $600, conveyed to her said son, William Jackson, her undivided one-third of said land.

William Jackson moved off to Dallas, Texas, and died there intestate in 1887.   He left surviving his sole heirs at law his widow, the appellant, Laura J. Jackson, and the other appellants, his children, who brought this action to recover the possession of said undivided one-third of said real estate so conveyed to said William by said Lydia Jackson.

The first paragraph of the answer is a general denial; the second paragraph sets up that the appellee is a remote grantee of said Howell, and that said Howell and

his grantees went into possession of said land immediately after the execution of said tax deed, and by virtue of said tax deed continuously held possession thereof ever since, and that the action was not commenced within five years next after said tax sale.

The appellants replied to the second paragraph of the answer, first, by a general denial; and, secondly, after reciting the above facts as to the derivation and transfer of the title, it is alleged that in the transaction by which William and wife conveyed the undivided two-thirds of said lands to said Howell, it was agreed by and between said Howell and said William, and while said Howell still held said tax title, that it was invalid and insufficient to convey title, and, therefore, that the amount paid on said tax sale, together with the whole amount due said Howell on account of said tax sale was refunded to him by said William Jackson, and thereafter his mother, Lydia Jackson, conveyed to him, as above stated, her undivided one-third of said land. And that the possession of said land, taken by said Howell, was so taken by virtue of the deed from William Jackson and wife, and that neither said Flinn, Howell, or any other person ever had any possession of said land by or under said tax deed; that Howell did not take possession until he got the deed from William and wife, conveying to him the undivided two-thirds; and that whatever possession said Howell or his vendees ever had was only by them as tenants in common with said Lydia Jackson, William Jackson and his widow and children, the appellants.

Other facts are stated showing the invalidity of the tax deed, not necessary to be set out here, because the answer to which the reply was addressed did not state facts sufficient to show the validity of the tax sale and title, but proceeded upon the theory that the tax sale was

invalid, but that possession had been taken under it, and that this action to recover such possession had not been brought within five years after the date of the sale.

Section 250, Acts of 1872, of the tax law of 1872, R. S. 1876, p. 127, provides that "No action for the recovery of real property sold for nonpayment of taxes shall lie, unless the same be brought within five years after the date of sale."

A demurrer was sustained to the second paragraph of the reply, trial by the court, and judgment for appellee over a motion for a new trial. The assignment of error questions the action of the court in sustaining the demurrer to the second paragraph of the reply, and in overruling the motion for a new trial. This being an action to recover possession of real estate, all defenses, both legal and equitable, were admissible under the answer of general denial, and, therefore, the second paragraph of the answer was unnecessary, though it may be pleaded specially. *Abdil* v. *Abdil*, 33 Ind. 460; *Over* v. *Shannon*, 75 Ind. 352.

It is contended that the ruling as to the reply is harmless, even if the second paragraph thereof was good, because, as is contended, the matter therein alleged could have been given in evidence under the first paragraph of the reply, which is a general denial.

This contention can not be upheld unless the reply is taken out of the operation of the general rule by the nature of the complaint, because the code provides that "Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." R. S. 1881, section 377.

Here the appellee, under the second paragraph of his answer, was not bound to prove anything about the refunding to him of the money due him on his invalid tax

title and other affirmative allegations of the second paragraph of the reply; and, therefore, under the general rule, the facts thus specially pleaded in that paragraph were not admissible under the first paragraph thereof in general denial.

In a suit for possession of, and to quiet title to, real estate, there is no error in sustaining a demurrer to a good special paragraph, where the general denial is also pleaded, because such special matter may be given in evidence under the general denial. *Over* v. *Shannon, supra; Johnson* v. *Putnam,* 95 Ind. 57.

But that is not this case. It is error in such a case to overrule a demurrer to a bad paragraph of answer where the general denial is also pleaded under which all defenses are admissible in evidence. *Scott* v. *Stetler,* 128 Ind. 385; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Thompson* v. *Lowe,* 111 Ind. 272.

But that is not this case. It is also error to overrule a demurrer to a bad special paragraph of a reply, though proof of the facts therein alleged might be admissible under the general denial pleaded in another paragraph thereof. *Kernodle* v. *Caldwell, Admr.,* 46 Ind. 153.

But that is still not this case, because here it is claimed that the demurrer was sustained to a good special paragraph of the reply.

Under the general denial in the answer the appellee was entitled to introduce all the defenses he had, including that specially pleaded in the second paragraph thereof. And the plaintiff, the appellant, was entitled to prove in avoidance of such defense all matters he had, without any reply, including that specially set up in his second paragraph of reply. We, therefore, conclude that there was no available error in sustaining the demurrer to the second paragraph of the reply.

The tax sale relied on to bar the action by the five years' limitation took place prior to the· enactment of the tax law of 1872. That act was passed nearly two years after the tax sale, and some two years prior to the execution of the tax deed. But more than five years elapsed after the enactment of the statute before this suit was brought. In such a case, it has been held by this court that the statute may be invoked to bar the action. *Smith* v. *Bryan,* 74 Ind. 515.

In order to make the statute available as a bar, it is not essential that the tax title be a valid one. Its object was not to protect valid tax sales, but invalid ones; valid tax sales, if there are any such, need no such protection. *Smith* v. *Bryan, supra; Second Nat'l Bank* v. *Corey,* 94 Ind. 457; *Wright* v. *Wright,* 97 Ind. 444; *Brown* v. *Maher,* 68 Ind. 14; *Hatfield* v. *Jackson,* 50 Ind. 507; *Gray* v. *Stiver,* 24 Ind. 174; *White* v. *Clawson,* 79 Ind. 188; *Davidson* v. *Bates,* 111 Ind. 391; *Walker* v. *Hill,* 111·Ind. 223.

But this five years' limitation can have no application where there is no tax sale. To make a tax sale there must be a payment of the purchase-money. The evidence is in the record, and shows that it is true that there was a tax sale which was confessedly invalid, and that at the time William Jackson and wife conveyed the undivided two-thirds of the land to Howell, the holder of the tax title, he deducted out of the purchase-money the amount that was due him on account of the tax sale by agreement between him and William Jackson. He thus saw fit to treat the tax sale as invalid and as conferring on him no rights more or other than a lien for the amount legally due him on account of said tax sale. He accepted payment thereof.

An owner may redeem from such a lien long after the expiration of the two years limited for redeeming from a

tax sale.   And he may enforce such right of redemption by a bill brought to redeem in court, the tax title being invalid.   *Kraus* v. *Montgomery,* 114 Ind. 103.

If a party accept the redemption money, he will be estopped to deny the right to redeem.   *Taggart* v. *Mc-Kinsey,* 85 Ind. 392 (394); *Goddard* v. *Renner,* 57 Ind. 532.

The effect of such redemption is to vacate and set aside the sale of the real estate, and to restore the same and the title thereto precisely as they were held prior to such sale.   *Taggart* v. *McKinsey, supra; Teal* v. *Hinchman,* 69 Ind. 379; *Smith* v. *Moore,* 73 Ind. 388; *Duke* v. *Beeson,* 79 Ind. 24.

Therefore, the position occupied by the parties in relation to the real estate in question before the running of the statute was precisely the same as if no tax sale had ever taken place.   It follows that the five years' limitation had nothing to operate upon, the tax sale being as nonexistent as if it had never taken place.   The finding was, therefore, contrary to law.

There is another reason why the finding is contrary to law.   The evidence wholly fails to show that Howell or any of his grantees ever went into the possession of the land under and by virtue of the tax title; and it wholly fails to show that Howell and his grantees altogether, or any of them, were in possession of the land under any title for five years after the enactment of the statute or for five years after the tax sale.

In *Kraus* v. *Montgomery, supra,* at page 106, speaking of this statute it is said:   "It can apply only in case the tax purchaser actually occupies the land, or where he has the constructive possession under a duly recorded deed, not void upon its face."

The tax deed put in evidence was not witnessed by the county treasurer, as required by the 224th section of the

tax law of 1872, under which the deed was made.    1 R.
S. 1876, 123.

Therefore, the deed was not valid on its face, if the
proof had shown it to be recorded in the recorder's office
of the county; but there was no sufficient proof that it
had been so recorded.

Following the deed and its acknowledgment as copied
into the transcript is the following:    "Recorded 10th,
1874, 9 o'clock, A. M.    A. M. Baldwin."

This may have been, and probably was, made by the
county recorder, and was intended to show that the deed
had been recorded in the recorder's office of the county,
but there is no evidence that Baldwin was the recorder
of the county or that he had recorded the deed.

For these reasons, we hold that the evidence fails to
show that there was constructive possession under and
by virtue of a recorded deed, by those claiming under
the tax title.

The finding, therefore, was not supported by sufficient
evidence, and is contrary to law, and, therefore, the trial
court erred in overruling appellants, motion for a new
trial.

The judgment is reversed and the cause remanded,
with instructions to grant the motion for a new trial.

Filed Jan. 3, 1894.